# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

DALE A. KORNBAU, et al, individually
and on behalf of all others similarly
situated and identified below,

        Plaintiffs,

FRITO-LAY NORTH AMERICA, INC.,

        Defendant.

Case No. 4:11-CV-2630

Judge Benita Pearson

**DEFENDANT FRITO-LAY NORTH AMERICA, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

<u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ............................................................................................... i

II.     ARGUMENT ....................................................................................................4

     A.     Legal Standard .........................................................................................4

     B.     VROT Has Long Been An Approved Method Of Calculating Overtime ...............5

          1.     The FLSA Has Always Allowed The Payment Of A Half-Time Premium Where The "Time" Has Been Paid................................................5

          2.     The United States Department Of Labor Has Likewise Approved The Half-Time Method As One Way Employers Can Calculate Overtime. ...............................................................................................9

     C.     Frito-Lay's VROT Compensation Method Complies With The FLSA ...............11

          1.     VROT Complies With The FLSA Itself, And With Cases Interpreting Its Statutory Language. .........................................................11

          2.     The Plain Language Of DOL's Guidance On Calculating An Employee's Regular Rate Validates The Use of VROT. ...........................12

     D.     Plaintiffs' Reliance On DOL's Interpretive Guidance Is Misplaced .....................15

     E.     Failure To Comply With Section 778.114 Does Not Mean An Employer Is Precluded From Calculating Overtime Based On VROT ......................................17

III.    CONCLUSION ..............................................................................................19

-i-

## TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*149 Madison Ave. Corp. v. Asselta*
 331 U.S. 199 (1947)..................................................................................................5

*Ahle v. Veracity Research Co.*
 738 F. Supp. 2d 896 (D. Minn. 2010)......................................................................18

*Aon Corp. Wage & Hour Employmt. Practices Litig.,*
 2011 U.S. Dist. LEXIS 7288, *9-10 (N.D. Ill. Jan. 26, 2011) ...............................18

*Bell Atlantic Corp. v. Twombly*
 550 U.S. 544 (2007)....................................................................................................4

*Brasfield v. Source Broadband Services, LLC*
 2010 U.S. Dist. LEXIS 84411 (W.D. Tenn. Aug. 16, 2010)....................................14

*Broyde v. Gotham Tower, Inc.*
 13 F.3d 994 (6th Cir. 1994) ........................................................................................4

*Cash v. Conn Appliances*
 2 F. Supp. 2d 884 (E.D. Tex 1997)............................................................................8

*Chavez v. City of Albuquerque*
 630 F.3d 1300 (10th Cir. 2011) ....................................................................2, 3, 6, 19

*Clements v. Serco*
 530 F.3d 1224 (10th Cir. 2008) ..................................................................................8

*Collins v. Nagle*
 892 F.2d 489 (6th Cir. 1989) ......................................................................................4

*Crumpton v. Sunset Club Properties, LLC*
 2011 U.S. Dist. LEXIS 83987 (M.D. Fla. Aug. 1, 2011) ..........................................8

*Cunningham v. Faerber's Bee Window, Inc.*
 2005 WL 1123634 (S.D. Ind. April 19, 2005)..........................................................12

*Desmond v. PNGI Charles Town Gaming, LLC, et al.*
 630 F.3d 351 (4th Cir. 2011) ....................................................................................18

*Dunlop v. Martin Brick Co.*
 1981 U.S. Dist. LEXIS 16861 (N.D. Tex. Sept. 30, 1981)......................................13

*Fakouri v. Pizza Hut of America, Inc.*
   824 F.2d 470 (6th Cir. 1987) ................................................19

*Franklin v. Kellogg Co.*
   619 F.3d 604 (6th Cir. 2010) ................................................16

*Harris v. Seyfarth Shaw, LLP*
   2010 U.S. Dist. LEXIS 93911 (N.D. Ill. Sept. 9, 2010) ................................................19

*Inniss v. Tandy Corp.*
   7 P.3d 807 (Wash. 2000) ................................................8

*Kaiser v. At The Beach, Inc.*
   2011 U.S. Dist. LEXIS 149857 (N.D. Okla. Dec. 28, 2011) ................................................13, 14

*Krohn v. David Powers Homes, Inc.*
   No. 07-3885, 2009 WL 1883989 (S.D. Tex. June 30, 2009) ................................................7

*Lance v. The Scotts Co.*
   2005 U.S. Dist. LEXIS 14949 (N.D. Ill. July 21, 2005) ................................................7, 8, 14, 17

*Martin v. Tango's Restaurant, Inc.*
   969 F.2d 1319 (1st Cir. 1992) ................................................19

*Overnight Motor Co. v. Missel*
   316 U.S. 572 (1942) ................................................2, 5, 6, 7, 9, 11, 12, 15, 16, 17, 18, 19, 20

*Parth v. Pomona Valley Hosp. Med. Ctr.*
   630 F.3d 794 (9th Cir. 2010) ................................................6

*Pererz v. Brands Mart Serv. Corp.*
   No. 10-61203, 2011 WL 3236022 (S.D. Fla. July 28, 2011) ................................................3

*Perez v. Radio Shack*
   2005 U.S. Dist. LEXIS 33420 (N.D. Ill. Dec. 14, 2005) ................................................9

*Powell v. Carey Int'l, Inc.*
   514 F. Supp.2d 1302 (S.D. Fla. Feb. 1, 2007) ................................................12

*Pressler v. FTS USA, LLC*
   2010 U.S. Dist. LEXIS 131047 (E.D. Ark. Dec. 9, 2010) ................................................19

*Ransom v. Patel Enters., Inc.*
   2011 U.S. Dist. LEXIS 126130 (W.D. Tex. Nov. 1, 2011) ................................................15

*Rodriguez v. Carey Int'l, Inc.*
   Case No. 03-2296 S.D. Fla. Nov. 10 ................................................12

*Rushing v. Shelby County*
8 F. Supp. 2d 737 (W.D. Tenn. 1997)......................................................................19

*Sexton v. BFI Waste Sys. of N. Am.*
2002 U.S. Dist. LEXIS 26129 (E.D. Mich. Dec. 3, 2002)......................................12

*Skidmore v. Swift & Co.*
323 U.S. 134 (1944)..........................................................................................15, 16

*Smith v. Frac Tech Services, LLC*
2011 U.S. Dist. LEXIS 64079 (E.D. Ark. June 15, 2011)...........................16, 17, 18

*Spring v. Washington Glass*
153 F. Supp. 312 (W.D. Pa. 1957)...........................................................................9

*Torres v. Bacardi Global Brands Promotions, Inc.*
482 F. Supp. 2d 1379 (S.D. Fla. 2007) ..................................................................18

*Transworld Airlines, Inc. v. Thurston*
469 U.S. 111 (1985).................................................................................................2

*Urnikis-Negro v. American Family Property Services*
616 F.3d 665 (7th Cir. 2010) ......................................................2, 7, 12, 15, 18, 19

*Walling v. Harnischfeger Corp.*
325 U.S. 427 (1945).......................................................................................7, 12, 14

*Walling v. Helmerich & Payne, Inc.*
323 U.S. 37 (1944)...........................................................................................6, 20

*Walling v. Youngerman-Reynolds Hardwood Co.*
325 U.S. 419 (1945)...................................................................1, 3, 5, 6, 19, 20

*Zoltek v. Safelite Glass Corp.*
884 F. Supp. 283 (N.D. Ill. 1995) ..................................................................12, 19

Statutes

29 U.S.C.
§ 206(a) ....................................................................................................................1
§ 29 U.S.C. § 207(a) ...................................................................................1, 4, 5, 19
§ 260..........................................................................................................................2

Other Authorities

29 C.F.R.

§ 778.1.................................................................................................3, 10, 12, 15
§ 778.108.........................................................................................................5
§ 778.109..............................................................................................3, 5, 6, 10, 17
§ 778.111......................................................................................................12, 14
§ 778.112.........................................................................................................12
§ 778.114.........................................3, 4, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20
§ 778.118..................................................................................................12, 13, 17
§ 778.218.........................................................................................................14
§ 778.219.........................................................................................................14

33 Fed. Reg. 986 ..........................................................................................9, 15

73 Fed. Reg. 43655 (July 28, 2008)...........................................................10, 15

76 Fed. Reg. 18832 (Apr. 5, 2011) ....................................................4, 10, 15, 16

Fed. R. Civ. P. Rule 8(a)(2) ..............................................................................4

Fed. R. Civ. P. Rule 12(b)(6).............................................................................4

Wage & Hour Opinion Letter, 1996 WL 1005216 (July 15, 1996)..................19

Wage & Hour Opinion Letter, 2009 WL 648995 (Jan. 14, 2009) ...................19

## SUMMARY OF ARGUMENT

Defendant Frito-Lay North America, Inc. ("Frito-Lay") brings this Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim under Federal Rule of Civil Procedure Rule 12(b)(6) because Plaintiffs' sole claim fails to state a claim upon which relief can be granted. Plaintiffs' sole contention is that Frito-Lay's method of calculating overtime on a salary plus other forms of compensation, which it refers to as Variable Rate Overtime ("VROT"), violates the federal Fair Labor Standards Act ("FLSA"). This single claim fails to state a claim for relief because as a matter of law VROT does not violate the FLSA.

The FLSA requires employers to do three things: (1) pay employees the required minimum wage for all hours worked, *see* 29 U.S.C. § 206(a); (2) pay employees overtime premiums calculated at one and one-half times the employee's regular rate when the employee works more than 40 hours in a workweek, *see* 29 U.S.C. § 207(a); and (3) not implement a compensation system that is an artifice designed to avoid paying minimum wage and overtime as described above. *See, e.g., Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424 (1945). Plaintiffs do not (and cannot) allege a minimum wage violation or that Frito-Lay's compensation system is an artifice. Instead, they attempt to allege that Frito-Lay's method of calculating overtime violates the FLSA. This attempt fails, however, because Frito-Lay's use of VROT complies with the FLSA's requirement that employees are paid overtime at one and one-half times their regular rate.

The Supreme Court has repeatedly held that "the employer and employee are free to establish this regular rate at any point and in any manner they see fit" as long as it is not done in "a wholly unrealistic and artificial manner so as to negate the statutory purposes." *Youngerman-Reynolds Hardwood Co.*, 325 U.S. at 424 (internal quotations omitted). Further, in *Overnight Motor Co. v. Missel*, 316 U.S. 572 (1942), the Supreme Court analyzed and approved of a

-vi-

compensation system just like VROT for employees paid a flat salary covering all hours worked. Because the salary covered all hours in the week, including overtime hours, the employees were already paid the "time" for their overtime hours, and the employer was required only to pay an additional "one-half" to satisfy the FLSA's time-and-one-half requirement.  VROT calculates overtime in a manner consistent with *Missel*, and compliant with FLSA itself.  Additionally, in the years since *Missel,* courts have repeatedly held that VROT can be used in situation where, like here, an employee is paid a salary plus other forms of compensation.  *See, e.g., Chavez v. City of Albuquerque*, 630 F.3d 1300, 1313 (10th Cir. 2011).

Plaintiffs appear to be claiming that VROT violates 29 C.F.R. § 778.114, sometimes referred to as the fluctuating workweek ("FWW") method, because they believe that this example of how to calculate overtime is not applicable where employees receive compensation in the form of commissions and bonuses in addition to base salary.  However, there is no requirement that an employer must comply with the example of how to calculate overtime in § 778.114 to comply with the FLSA.  Courts around the country have consistently confirmed that to comply with the FLSA, an employer need only comply with *Missel* and its progeny.  *See, e.g., Urnikis-Negro v. American Family Property Services*, 616 F.3d 665 (7th Cir. 2010).  Furthermore, § 778.114 is an interpretative rule, not a regulation, and consequently is not binding on employers or the courts.  Indeed, failure to comply with interpretive guidance issued by the United States Department of Labor ("DOL") is not a cognizable claim and does not equate to a violation of the FLSA, particularly given that by its own terms § 778.114 is merely an "example" of one way an employer can satisfy the FLSA and Frito-Lay's use of VROT is compliant with other examples DOL provides regarding how to calculate overtime premiums.  *See, e.g.,* 29 C.F.R. § 778.118.  Further, any argument by Plaintiffs that the meaning of § 778.114 was

changed by DOL's statement in the Preamble to the April 5, 2011 Federal Register, or that this statement in the Preamble somehow makes § 778.114 binding, fails.  DOL's statement is an interpretation of an interpretation and signals nothing more than the agency's political flip-flopping.

In short, a plain-meaning, common-sense review of the available statutory, regulatory, and case law authority, demonstrates that VROT can be paid on a salary, commissions, piece rate, or any or all of these forms of compensation in combination (and that overtime need not be paid on Frito-Lay's holiday pay at all) – without regard to § 778.114.  For these reasons, Frito-Lay brings this instant Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim.  VROT complies with the FLSA; Plaintiffs have not and cannot allege otherwise, and have therefore failed to state a cognizable claim upon which relief can be granted.

## STATEMENT OF ISSUES

(1)   Whether Plaintiffs' single claim that Frito-Lay's VROT system violates the FLSA must be dismissed for failure to state a claim because Plaintiffs have not and cannot allege a cognizable violation of the FLSA or any other binding authority, and as such have failed to state a claim upon which relief can be granted.

## I.      INTRODUCTION

The sole issue in Plaintiffs' Amended Complaint ("Complaint") is whether Defendant Frito-Lay North America, Inc.'s ("Frito-Lay" or "Defendant") method of calculating overtime compensation violates the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a).  To comply with FLSA's compensation requirements, an employer must:  (1) pay its employees the required minimum wage for all hours worked, *see* 29 U.S.C. § 206(a); (2) pay its employees overtime premiums calculated at one and one-half times the employee's regular rate when the employee works over 40 hours in a workweek, *see* 29 U.S.C. § 207(a); and (3) not implement a compensation system that is an artifice designed to avoid paying the minimum wage and overtime, *see, e.g.*, *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945).  Here, Plaintiffs do not (and cannot) dispute they received more than the minimum wage for all hours worked and that Frito-Lay's compensation system is not an artifice designed to avoid the FLSA's compensation requirements.  Plaintiffs attempt to allege that Frito-Lay does not pay overtime at a rate of one and one-half times the employees' regular rates, but fail to take account of the numerous and uncontroverted authority that Frito-Lay's compensation system complies with this requirement.  Accordingly, Plaintiffs' Complaint should be dismissed with prejudice.

Plaintiffs allege they were employed by Frito-Lay as Route Sales Representatives ("RSRs") who were paid a salary plus commissions and non-discretionary bonuses, such as holiday pay (a set amount each employee receives for each holiday that occurs during his or her employment, without regard to whether the employee worked the holiday) and carton pay (payment for returning empty cartons to Frito-Lay).[1]  (Plaintiffs' Complaint ("Compl.") at ¶ 52(b)).  In situations where an RSR worked over 40 hours in a workweek, Frito-Lay calculated

---

[1] Frito-Lay accepts as true the facts in the Complaint for purposes of this Motion only.

the amount of overtime compensation due using what it refers to as Variable Rate Overtime, or

"VROT."  *Id.* at ¶¶ 49, 50.  Under VROT, overtime is calculated by dividing the total overtime-

eligible compensation for the week by the number of hours worked during the week to determine

the employee's "regular rate."  *Id.* at ¶ 50.  Employees then receive an overtime premium of one-

half this regular rate for each hour worked over 40 in a workweek.  This equates to total overtime

at a rate of time and one-half because they have already received the "time" by virtue of their

salary, commissions and non-discretionary bonuses that cover all hours worked.[2]

In their Complaint, Plaintiffs allege that Frito-Lay violates the FLSA because a VROT

system cannot be used where employees receive compensation in the form of commissions and

bonuses in addition to a base salary.  (Compl. at ¶ 52).  This allegation does not constitute a

viable claim, however, because paying VROT on a salary plus other forms of compensation is

fully consistent with the FLSA.  In *Overnight Motor Co. v. Missel*, 316 U.S. 572 (1942),[3] the

Supreme Court explicitly approved the payment of overtime at a half-time rate under the FLSA.

In the years since *Missel*, courts around the country have consistently confirmed that to comply

with the FLSA an employer need only comply with *Missel* and its progeny, *see, e.g.*, *Urnikis-*

*Negro v. American Family Property Services*, 616 F.3d 665 (7th Cir. 2010), and that *Missel* and

its progeny support using VROT in situations like this, where an employee is paid a salary plus

other forms of compensation.  *See, e.g., Chavez v. City of Albuquerque*, 630 F.3d 1300, 1313

(10th Cir. 2011) (holding city's use of a one-half multiplier to calculate overtime was proper

where employees received salary and additional compensation, including longevity, hazard, shift

---

[2] The rate of overtime varies based on the number of hours worked each week.  For ease of reference, we refer to this method of calculating overtime as "VROT".  As discussed below, some courts and the United States Department of Labor ("DOL") have referred to the payment of overtime at the half-time rate where the employee receives a salary for all hours worked as the "fluctuating work week" (or "FWW") method.

[3] *Superseded on other grounds by statute,* 29 U.S.C. § 260, *as recognized in Transworld Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 n. 22 (1985).

differential, assignment, education and firearms qualification pay).

Moreover, the Supreme Court has long held that employers and employees are free to establish an employee's regular rate of compensation "at any point and in any manner they see fit" as long as it is not done in "a wholly unrealistic and artificial manner so as to negate the statutory purposes." *Youngerman-Reynolds*, 325 U.S. at 424 (internal quotations omitted); *see also, e.g., Chavez,* 630 F.3d at 1312 (finding compensation plan permissible because there was no "evidence of intent to manipulate compensation to avoid FLSA liability"). Here, Plaintiffs cannot (and do not) allege Frito-Lay uses VROT to avoid paying employees overtime premiums or that this compensation system negates the purpose of the FLSA.

Plaintiffs nonetheless attempt to keep their claim alive by alleging that Frito-Lay's VROT system must comply with 29 C.F.R. § 778.114, and that Frito Lay's VROT does not so comply. (Compl. at ¶¶ 50-53).  This allegation fails to state a cognizable claim under the FLSA for several reasons.  First, § 778.114 is an interpretive rule, not a regulation, and as such neither employers nor courts are bound by it.  *See, e.g.*, 29 C.F.R. § 778.1.  Second, § 778.114, by its own terms, is merely an example of one way an employer can comply with the FLSA – failure to comply with § 778.114 does not establish a violation of the FLSA.[4]  *See* 29 C.F.R. § 778.109. Third, the Department of Labor's ("DOL") guidance in §§ 778.111 and 778.118 approves the use of the half-time overtime method under the circumstances in which Frito-Lay uses VROT,

---

[4] Plaintiffs allege that the weekly salaries they receive for all hours worked are sometimes insufficient by themselves to meet the FLSA's minimum wage requirements.  (Compl. ¶ 52(a)).  Plaintiffs do not (nor could they), however, aver that Frito-Lay failed to pay them in excess of the requisite minimum wage.  The FLSA allows employers to meet their obligation to pay employees the minimum wage through a variety of compensation methods. *See, e.g., Pererz v. Brands Mart Serv. Corp.*, No. 10-61203, 2011 WL 3236022, at *6 (S.D. Fla. July 28, 2011) (granting summary judgment on minimum wage claim where commissions received exceed required minimum wage).  Here, Plaintiffs received significant compensation in addition to their salaries (such as sizeable commissions) which are more than sufficient to exceed the FLSA's minimum wage requirement.  Moreover, Plaintiffs averment that their **salary** was not sufficient to meet the minimum wage is simply a red herring.  Although paying a salary that is sufficiently large to ensure that an employee's earnings do not fall below the minimum wage in any workweek is arguably a part of the example in 29 C.F.R. § 778.114, paying such a salary is not required by the FLSA.

specifically, in situations where other forms of compensation —for example commissions — are paid in addition to a salary.  Finally, Frito-Lay anticipates that Plaintiffs will rely on a statement by DOL in its Preamble to the April 5, 2011, Federal Register (76 Fed. Reg. 18832 (April 5, 2011)) (All citations to the Federal Register are included under Tab "A" of the Appendix). However, DOL's statement in the Preamble amounts to nothing more than a non-binding interpretation of a non-binding interpretation.

Plaintiffs have failed to state a claim that Frito-Lay violated 29 U.S.C. § 207(a).  For the reasons stated herein, Frito-Lay respectfully requests the Complaint be dismissed with prejudice.

## II.    ARGUMENT

### A.    Legal Standard

Frito-Lay brings the instant Motion under Federal Rule of Civil Procedure Rule 12(b)(6) because Plaintiffs' Complaint fails to state any cognizable claim upon which relief may be granted.  It is without question that:  "[A] complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation, quotation marks, and emphasis omitted); *see also* FED. R. CIV. P. RULE 8(a)(2).  While the allegations of a complaint are generally accepted as true, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.*

Here, Plaintiffs' Complaint sets forth no facts that would entitle them to relief under the FLSA.  *See, e.g.*, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996-97 (6th Cir. 1994); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989).[5]  Instead, consistent authority holds that Frito-Lay's use of VROT complies with the FLSA and that § 778.114 is not controlling.  As such, Plaintiffs'

---

[5] Plaintiffs likewise will be unable to meet the high standards for treatment as a collective action, should this matter progress to that stage.

solitary cause of action arguing to the contrary fails to state a cognizable claim under the law, and their Complaint must be dismissed without leave to amend.

###    B.    VROT Has Long Been An Approved Method Of Calculating Overtime

FLSA section 7(a)(1) sets the maximum regular workweek for non-exempt employees at 40 hours and entitles a non-exempt employee to overtime pay for any hours beyond that.  "[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the **regular rate** at which he is employed."  29 U.S.C. § 207(a)(1) (emphasis added).  With limited exceptions, section 7(e) of the FLSA requires that "all remuneration for employment paid to, or on behalf of, the employee" be included in this regular rate.  29 U.S.C. § 207(e); *see also, e.g.*, 29 C.F.R. § 778.108 (interpretive guidance discussing what compensation is included in the regular rate).  The regular rate is thus the "keystone" of calculating overtime, as "[o]n that depends the amount of overtime payments which are necessary to effectuate the statutory purposes.  The proper determination of that rate is therefore of prime importance."  *Youngerman-Reynolds*, 325 U.S. at 424.

###    1.    The FLSA Has Always Allowed The Payment Of A Half-Time Premium Where The "Time" Has Been Paid.

For purposes of calculating overtime, an employee's regular rate of pay is the amount of compensation he or she receives per hour.  *See, e.g.*, *Missel*, 316 U.S. at 579-80; 29 C.F.R. § 778.109.  The FLSA does not, however, require that employers pay non-exempt employees by the hour.  *See, e.g.*, *149 Madison Ave. Corp. v. Asselta*, 331 U.S. 199, 203-04 (1947) ("It was not the purpose of Congress in enacting the Fair Labor Standards Act to impose upon the almost infinite variety of employment situations a single, rigid form of wage agreement.").  Indeed, although the regular rate of pay is expressed in terms of an hourly wage, it has long been

recognized that employees may be paid in a variety of other ways:

> their earnings may be determined on a piece-rate, salary, commission or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived there from and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek . . . .

29 C.F.R. § 778.109; *see also, e.g.*, *Missel*, 316 U.S. at 580.  As the Supreme Court noted shortly after the FLSA was enacted: "As long as the minimum hourly rates established by § 6 are respected, the employer and employee are free to establish this regular rate at any point and in any manner they see fit. ***They may agree to pay compensation according to any time or work measurement they desire.***" *Youngerman-Reynolds*, 325 U.S. at 424 (emphasis added); *see also, Chavez,* 630 F.3d at 1312 (rejecting an argument that using hours worked to calculate the regular rate was impermissible because it caused the value of bonus payments to decrease as overtime increased and noting that this was what the parties bargained for in the CBA); *Parth v. Pomona Valley Hosp. Med. Ctr.*, 630 F.3d 794, 802 (9th Cir. 2010) ("[W]e conclude that the arrangement between Parth and PVHMC does not violate the FLSA, because it is not prohibited under the statute, and it does not contravene the FLSA's purpose."); *cf. Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 41 (1944) (striking down a compensation plan that was "not derived from the actual hours and wages" and did not allow extra compensation to be paid for true overtime hours).

As the Supreme Court held in *Missel*, one such way to compensate non-exempt employees paid an annual salary regardless of how many hours are worked in a week is by using a half-time overtime premium method.  In *Missel*, the Supreme Court held that when an employee is paid by agreement a wage for hours that fluctuate from week to week, a proper method of calculating the employee's regular rate of pay is to divide the weekly wage by the number of hours actually worked in a particular week.  *Missel*, 316 U.S. at 580.  Under this

approach for calculating overtime, the fixed wages paid to the employee are treated as compensation at the regular rate for all hours the employee works in a week, including overtime hours.  The employee has therefore received the "time" that he or she is owed, and need only be paid the additional "and one-half" as overtime, in order to be paid "time and one-half" for those hours.  *See Urnikis-Negro*, 616 F.3d at 676.  That is exactly what Frito-Lay has done here.

Additionally, courts have long approved paying overtime premiums at one-half an employee's regular rate when employees are paid just commissions or commissions and non-discretionary bonuses in addition to their hourly rate/salary.  For example, a few years after it decided *Missel*, the Supreme Court stated that to calculate overtime premium due an employee who receives incentive bonuses in addition to his hourly wages, employers must take one-half the employee's regular rate multiplied by the number of hours in excess of 40.  *See Walling v. Harnischfeger Corp.*, 325 U.S. 427 (1945).  In *Harnischfeger*, the Supreme Court provided the example of a worker who is paid $1 per hour, works 50 hours in a particular week, and receives $25 in incentive pay for that week.  The Court noted that his employee "receives compensation during the week at the actual rate of $1.50 an hour ($75 divided by 50 hours) and the overtime premium should be computed on that basis giving the worker a premium of 75 cents an hour or $7.50 for the 10 overtime hours."  *Id.* at 432 n.3; *see also Krohn v. David Powers Homes, Inc.*, No. 07-3885, 2009 WL 1883989, at *2 (S.D. Tex. June 30, 2009) (noting that where an employee is paid commission-based wages, the employee's overtime compensation is one-half the employee's regular rate).

In *Lance v. The Scotts Co.*, 2005 U.S. Dist. LEXIS 14949 (N.D. Ill. July 21, 2005), the court addressed calculating overtime where the employer paid non-exempt employees a salary and commissions.  The court approved the use of VROT and stated:

Plaintiff next argues that Defendant cannot rely upon the FWW method, because it impermissibly adds the TSRs' commissions to the TSRs' salary to determine the hourly rate for overtime pay.  To the contrary, Defendant's method of calculating overtime pay is specifically contemplated and authorized by the DOL.  FLSA regulations provide that:

> When commission is paid on a weekly basis it is added to the employee's other earnings for that workweek ... and the total is divided by the number of hours worked in the workweek to obtain the employee's regular hourly rate.  The employee must then be paid extra compensation at one-half of that rate for each hour worked in excess of the applicable maximum standard.

29 C.F.R. § 778.118.  This is precisely what Defendant does to arrive at the regular hourly rate for determining overtime pay.  Defendant's formula is consistent with the FLSA and its regulations.

*Id.* at *18-19.  *Lance* is on all fours with Plaintiffs' allegation – in both cases, the employees received a salary plus other forms of compensation, with overtime calculated by dividing total compensation by hours worked to determine an employee's regular rate, and paying overtime at one-half this resulting regular rate.

Similarly, in *Crumpton v. Sunset Club Properties, LLC*, 2011 U.S. Dist. LEXIS 83987 (M.D. Fla. Aug. 1, 2011), the court considered VROT paid to a marketing director who received a salary, a commission for each signed lease, and, at the beginning, a non-recoverable draw.  The court held that ". . . the fixed monthly salary of $2,000 plus commissions was compensation for whatever number of hours were worked each workweek.  Therefore, plaintiff is entitled to an additional half-time amount for the hours she worked over forty hours per work week."  *Id.* at *12.  In *Clements v. Serco*, 530 F.3d 1224, 1231 (10th Cir. 2008), the Tenth Circuit approved the use of VROT for military recruiters paid a salary plus commissions for meeting quotas for recruits who enlisted and reported to their assigned training centers.  *See also, e.g.*, *Cash v. Conn Appliances*, 2 F. Supp. 2d 884, 908 (E.D. Tex 1997) (upholding VROT where employee was paid a salary plus incentive payments); *Inniss v. Tandy Corp.*, 7 P.3d 807, 814 (Wash. 2000)

-8-

(relying on federal law, including *Missel*, in approving use of VROT under Washington state law for store managers paid a salary, commissions, special incentive bonuses, and other bonuses, including annual bonuses); *Perez v. Radio Shack*, 2005 U.S. Dist. LEXIS 33420, at *25-26 (N.D. Ill. Dec. 14, 2005) (approving use of VROT for managers paid salary and commissions); *Spring v. Washington Glass*, 153 F. Supp. 312, 318-19 (W.D. Pa. 1957) (permitting the use of VROT for a foreman who received a salary plus a weekly, non-discretionary production bonus).

In short, courts have consistently approved the calculation of overtime pursuant to VROT where, as here, an employee receives a base salary plus other forms of compensation. Consequently, Plaintiffs do not have a viable claim in alleging that VROT violates the FLSA.

   2. The United States Department Of Labor Has Likewise Approved The Half-Time Method As One Way Employers Can Calculate Overtime.

DOL has long endorsed the half-time method for calculating overtime.  In 1938, DOL issued Interpretative Bulletin No. 4, in which it gave guidance on computing overtime.  *See* 1941 WH Man. at 127 (attached at Tab B).[6]  One method DOL set forth was this half-time method. Specifically, DOL stated that if an employee is paid on a salary basis, his regular hourly rate of pay "is computed by dividing the salary by the regular number of hours worked or if no regular number of hours is worked, by the total number of hours worked each week." *Id.* at 128.  DOL then stated that when a salaried employee whose hours fluctuate works overtime, payment for overtime hours at one-half the employee's regular rate satisfies the FLSA's overtime pay requirement because such overtime hours have already been compensated at the straight time regular rate.  *Id.* at 129.[7]

---

[6] This Bulletin was later revised in 1939 and 1940 and consolidated in 1941.

[7] In approving the half-time method of calculating overtime, the Court in *Missel* noted that the method was consistent with DOL's guidance in Interpretative Bulletin No. 4.  *See Missel*, 316 U.S. at 580 n. 17.

In 1968, DOL incorporated this guidance into interpretative rules.  *See* 33 Fed. Reg. 986 (Jan. 23, 1968).  The half-time guidance was incorporated into § 778.114, which provides an example of the use of this method under the following circumstances:

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many.

As DOL explained, the purpose of incorporating the guidance into interpretive rules was to "make available in one place the interpretations of these provisions which will guide the Secretary of Labor and the Administrator in the performance of their duties under the Act unless and until they are otherwise directed by authoritative decisions of the courts or conclude, upon reexamination of an interpretation, that it is incorrect."  29 C.F.R. § 778.1.  This guidance also expressly stated that several sections, including § 778.114, were not meant to limit the ways overtime could be properly calculated, but rather were "some examples of the proper method of determining the regular rate of pay in particular instances."  29 C.F.R. § 778.109.

In 2008, DOL issued a notice of proposed rulemaking regarding its interpretation of the FWW method of calculating overtime contained in § 778.114.  *See* 73 Fed. Reg. 43655 (Jul. 28, 2008).  DOL proposed adding the following sentence to § 778.114:  "[p]ayment of overtime premiums and other bonus and non-overtime premium payments will not invalidate the 'fluctuating workweek' method of overtime payment, but such payments must be included in the calculation of the regular rate unless [otherwise] excluded . . . ."  *Id.* at 43670.

In April 2011, DOL reversed its position, announcing it would not revise § 778.114 to include the proposed language regarding bonuses and non-overtime premium payments.  *See* 76 Fed. Reg. 18850 (April 5, 2011).  In the Preamble to this Bulletin, DOL stated it had carefully reviewed the comments received regarding the proposed change to § 778.114 and "concluded

-10-

that unless the [bonus and premium payments] are overtime premiums, they are incompatible with the fluctuating workweek method of computing overtime *under section 778.114*."  *Id.* (emphasis added).  Notwithstanding its commentary in the Preamble, DOL did not add any language to the text of § 778.114 regarding payment of bonuses or premium payments.  As such, § 778.114 continues to lack any prohibition on the use of the FWW method in situations where an employee receives a fixed salary in addition to other payments.

### C.    Frito-Lay's VROT Compensation Method Complies With The FLSA

Plaintiffs challenge Frito-Lay's use of VROT to calculate overtime based solely on Plaintiffs' belief that VROT is inconsistent with the example in § 778.114, and consequently does not comply with the FLSA.  (*See* Compl. at ¶¶ 49, 50, 52).  Plaintiffs' assertion is fatally flawed, however, because Frito-Lay is not bound by this section, and a failure to comply with § 778.114 does not equate to a violation of the FLSA or constitute a cognizable cause of action.

#### 1.    VROT Complies With The FLSA Itself, And With Cases Interpreting Its Statutory Language.

Plaintiffs have not and cannot allege that Frito-Lay's VROT violates the FLSA.  Nothing in the FLSA prohibits VROT, or requires any more than Frito-Lay has done.  And, VROT does not contravene the FLSA's purpose of ensuring workers are fairly compensated for their efforts.

In addition to complying with the requirements of the text of the FLSA itself, VROT is consistent with the method of calculating overtime approved by the Supreme Court in *Missel* and its progeny.  *See, supra*, II.B.  In *Missel*, the Supreme Court held that when an employee's hours fluctuate, and the employee receives "a fixed weekly wage regardless of the length of the workweek," employers can calculate the regular rate by taking the fixed weekly wage and dividing it by the number of hours worked in that week.  *Missel*, 316 U.S. at 580.  Notably, the Supreme Court did not put any further conditions on the use of this method for determining the

regular rate, and specifically did not limit its use to situations where employees received only a salary.[8]  As the Supreme Court noted a few years after *Missel*:  "To discover [the regular] rate . . . we look . . . to ***the actual payments, exclusive of these paid for overtime, which the parties have agreed*** shall be paid during each workweek." *Harnischfeger*, 325 U.S. at 430 (emphasis added).  Therefore, VROT is consistent with both the plain language of the FLSA and with the methods approved by the Supreme Court – that is all that is required to comply with the FLSA. *See, e.g.*, *Urnikis-Negro*, 616 F.3d at 681 ("[I]t is *Missel* which dictates how the regular rate of pay must be calculated here."); *Zoltek v. Safelite Glass Corp.*, 884 F. Supp. 283, 287 (N.D. Ill. 1995) (the calculation of the employee's regular rate of pay is governed by *Missel*).

  2.  The Plain Language Of DOL's Guidance On Calculating An Employee's Regular Rate Validates The Use of VROT.

As discussed above, DOL has provided guidance and examples on how to compute overtime pay based on an employee's "regular rate."  *See* 29 C.F.R. §§ 778.1; 778.109 ("The following sections give some examples of the proper method of determining the regular rate of pay in particular instances.").  In its guidance, DOL discussed the use of a half-time method at § 778.114 (employees paid a salary), § 778.118 (employees paid commissions plus other compensation), and § 778.111 (employees paid piece rates plus other compensation).[9]

---

[8] In fact, the *Missel* court did not place **any limit** on paying VROT on a salary paid in combination with any other type of compensation.

[9] If DOL intended to suggest an employer cannot agree with employees to pay certain sums for all hours worked when other compensation is paid in addition to a salary, it could have included language to this effect in the text of § 778.114.  For instance, in another section not applicable in this case, DOL explained:  "If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, ***and if he receives no other form of compensation for services***, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked."  29 C.F.R. § 778.112 (emphasis added).  Even under this more absolute example, courts have consistently held § 778.112 allows the use of compensation systems like VROT when a day rate is paid in conjunction with other compensation such as commissions.  *See, e.g., Cunningham v. Faerber's Bee Window, Inc.*, 2005 WL 1123634 (S.D. Ind. April 19, 2005); *Powell v. Carey Int'l, Inc.*, 514 F. Supp.2d 1302 (S.D. Fla. Feb. 1, 2007); *Rodriguez v. Carey Int'l, Inc.*, Case No. 03-22962 (S.D. Fla. Nov. 10, 2004) (attached at Tab D); *Sexton v. BFI Waste Sys. of N. Am.*, 2002 U.S. Dist. LEXIS 26129 (E.D. Mich. Dec. 3, 2002).

Additionally, when § 778.114 is read together with DOL's guidance on calculating the regular rate when commissions or piece rates are paid as part of compensation, *i.e.* §§ 778.117, 778.118, and 778.111, it is clear that VROT falls squarely within the examples provided by DOL. Specifically, § 778.117 states, in part:

> Commissions (whether based on a percentage of total sales or on sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate. ***This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary*** or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission.

*Id.* (emphasis added). Section 778.118 then explains how to calculate overtime when a commission is paid in conjunction with a salary:

> When commission is paid on a weekly basis it is added to the employee's other earnings for that workweek . . . and the total is divided by the number of hours worked in the workweek to obtain the employee's regular hourly rate. The employee must then be paid extra compensation at one-half of that rate for each hour worked in excess of the applicable maximum standard.

*Id.*; *see also Kaiser v. At The Beach, Inc.*, 2011 U.S. Dist. LEXIS 149857, at *29 n.29 (N.D. Okla. Dec. 28, 2011) ("[T]he court is convinced by the regulations that the presence of commissions and non-discretionary bonuses in the numerator always requires a total hours worked denominator."); *Dunlop v. Martin Brick Co.*, 1981 U.S. Dist. LEXIS 16861 (N.D. Tex. Sept. 30, 1981) (citing § 778.118 and stating that a non-exempt "employee's total compensation for the workweek, which includes all earnings . . . divided by his hours worked equals his regular rate of pay," and to calculate overtime, "a sum equivalent to one-half the regular or straight time multiplied by the number of hours worked in excess of 40 is added to the total compensation"); DOL Field Operations Handbook ("FOH") § 30b05(b) (attached at Tab C) ("If an employee paid wholly or in part on a commission basis is subject to [overtime], the principles set out in [29 C.F.R.] 778.117-778.122 shall be followed."). This is precisely what Plaintiffs allege Frito-Lay

does under VROT.[10]

Similarly, 29 C.F.R. § 778.111 provides that for pieceworkers:

When an employee is employed on a piece-rate basis, his regular hourly rate of
pay is computed by adding together his total earnings for the workweek from
piece rates and all other sources (such as production bonuses) and any sums paid
for waiting time or other hours worked (except statutory exclusions): This sum is
then divided by the number of hours worked in the week for which such
compensation was paid, to yield the pieceworker's regular rate for that week. For
his overtime work the piece-worker is entitled to be paid, in addition to his total
weekly earnings at this regular rate for all hours worked, a sum equivalent to one-
half this regular rate of pay multiplied by the number of hours worked in excess
of 40 in the week. . . . Only additional half-time pay is required in such cases
where the employee has already received straight-time compensation at piece
rates or by supplementary payments for all hours worked.

See also FOH § 32b02; *Brasfield v. Source Broadband Services, LLC*, 2010 U.S. Dist. LEXIS
84411 (W.D. Tenn. Aug. 16, 2010) ("Under 29 C.F.R. § 778.111(a), a piece-worker may be paid
'only additional half-time pay . . . where the employee has already received straight-time
compensation at piece rates or by supplementary payments for all hours worked,' including
productive and non-productive time.").[11]

In sum, VROT is consistent with: (i) the FLSA; (ii) the seminal Supreme Court decisions
in *Missel, Youngerman-Reynolds* and *Harnischfeger*; (iii) cases such as *Lance*, interpreting
similar compensation methods; and (iv) DOL's guidance in sections 778.111, 778.114, 778.117
and 778.118, which contain **examples** of how to calculate overtime when an employee receives a
base salary and other forms of compensation for all hours worked.

---

[10] Plaintiffs' argument that VROT violates the FLSA is also illogical. Plaintiffs contend that if Frito-Lay only paid a
base salary, it could use VROT, and if Frito-Lay only paid commissions, it could use VROT, but by paying
commissions in addition to their base salary, and including this compensation in calculating the regular rate, Frito-
Lay allegedly violates the FLSA. Plaintiff's argument thus perversely seeks to punish for paying more than just a
base salary. *Cf. Kaiser*, 2011 U.S. Dist. LEXIS at 29 ("[T]he Court simply finds no authority for using a 40-hour
divisor when commissions, non-discretionary bonuses, and/or extra payments are included in the total remuneration
for employment. Instead, all authority indicates that total hours is the proper divisor under these circumstances.").

[11] Holiday pay paid by Frito-Lay, which is paid to all RSRs regardless of whether they work the holiday, need not be
included in the regular rate at all. *See* 29 C.F.R. § 778.218 and 778.219. As such, any argument that holiday pay
was somehow improperly included in, or impacted the computation of, the regular rate is non-sensical.

### D.  Plaintiffs' Reliance On DOL's Interpretive Guidance Is Misplaced

Because VROT indisputably complies with the FLSA, Plaintiffs must cite DOL's recent statement concerning changes to § 778.114 in support of their claim.  In the Preamble, DOL stated the payment of "bonuses and other premium payments" (aside from overtime payments) is "incompatible" with the FWW method set forth in § 778.114.  *See* 76 Fed. Reg. 18850. Plaintiffs' likely reliance on DOL's position is misplaced.

DOL's statement in the Preamble is not entitled to controlling deference because it is merely DOL's opinion on how to construe the interpretative guidance at § 778.114.[12]  *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *Urnikis-Negro*, 616 F.3d at 675-76.  As such, DOL's statement is only entitled to respect to the extent it has the power to persuade. *Skidmore,* 323 U.S. at 140 ("[T]he weight of such [an interpretation] in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, ***its consistency with earlier and later pronouncements***, and all those factors which give it power to persuade, if lacking power to control."  (emphasis added)).

Here, DOL's current position on the FWW method is unpersuasive for several reasons. To start, it is completely at odds with DOL's prior decades-long position on the payment of supplemental compensation and the FWW method under § 778.114.  As recently as 2008, DOL's position was that such payments do not preclude application of the example set out in § 778.114.[13]  *See* 73 Fed. Reg. at 43655.  Although the relevant text of § 778.114 has remained

---

[12] Section 778.114 is an interpretive rule.  *See* 33 Fed. Reg. 986; 29 C.F.R. § 778.1.  Therefore, while § 778.114 is entitled to some "measure of respect," it is not entitled to deference.  *See Missel*, 316 U.S. at 580 n.17 (noting "the interpretative bulletins are not issued as regulations under statutory authority…"); *Urnikis-Negro*, 616 F.3d at 675-76 (stating § 778.114 is entitled to a measure of respect, not full deference); *Ransom v. Patel Enters., Inc.*, 2011 U.S. Dist. LEXIS 126130 at *14 (W.D. Tex. Nov. 1, 2011) (noting § 778.114 is not an administrative regulation).  Thus, § 778.114 is neither binding on employers or courts, nor is failure to comply with it a violation of the FLSA.

[13] In its 2008 proposal, DOL stated it was not providing a new interpretation of § 778.114, but rather just "clarifying" the existing interpretation.  73 Fed. Reg. at 43662.  This statement indicates that prior to 2008, DOL (footnote continued)

-15-

unchanged, last year DOL took the opposite position with regard to such payments.  *See* 76 Fed. Reg. at 18849-50.  Such a blatant flip-flop fatally undermines the persuasiveness of DOL's current position on when § 778.114 can be used.  *See, e.g.*, *Skidmore,* 323 U.S. at 140; *Franklin v. Kellogg Co.,* 619 F.3d 604, 614 (6th Cir. 2010) (declining to defer where DOL's position changed and its current interpretation was inconsistent with the statutory language).

Additionally, in the Preamble, DOL was analyzing the Supreme Court's decision in *Missel*.  *See* 76 Fed. Reg. at 18850.  However, DOL's interpretation of Supreme Court authority is not entitled to any deference.  The one court to expressly consider DOL's newfound position in the Preamble declined to defer to DOL's position for just that reason.  In *Smith v. Frac Tech Services, LLC*, 2011 U.S. Dist. LEXIS 64079 (E.D. Ark. June 15, 2011), the court explicitly considered DOL's statement in the Preamble at length, and declined to follow it:

> *Missel*, not section 778.114, is the source of authority for calculating damages based on the fluctuating work week method. . . .  Nonetheless, the plaintiffs contend that the Department's new final rule is relevant because it interprets *Missel*'s holding.  . . . As the plaintiffs recognize, ***only the Department of Labor's interpretation of* Missel *offered in its final rule-not anything in its regulations-is relevant to the instant case***.  *See Christensen v. Harris Cnty.*, 529 U.S. 576, 587, 120 S. Ct. 1655, 1663, 146 L. Ed. 2d 621 (2000) ("Of course, the framework of deference set forth in *Chevron* does apply to an agency interpretation contained in a regulation. But in this case the Department of Labor's regulation does not address the issue [in dispute.]").  The Department's interpretation of *Missel* is not binding on the Court.  Further, although the Department's interpretation of its regulations may be due some deference, the Court "owes no deference to an agency's interpretation of a Supreme Court decision."  . . . Furthermore, the Department of Labor's reasoning is unconvincing.  *Missel* requires only an employment contract "for a weekly wage with variable or fluctuating hours[.]"  . . . Nothing in *Missel* prohibits the use of the fluctuating work week method for calculating damages whenever an employer gives a bonus to an employee.  . . . The Court is not persuaded that it should alter its conclusion based on the Department of Labor's explanation of its decision not to amend section 778.114.

---

believed one could pay bonuses and other extra pay and use the FWW example of calculating overtime in § 778.114.

*Smith*, 2011 U.S. Dist. LEXIS at *6-7 (internal citations omitted; emphasis added).[14]  Thus,

DOL's current interpretation of § 778.114 is not persuasive as it incorrectly applies *Missel* and

fails to account for other Supreme Court holdings on calculating an employee's regular rate.

In short, DOL's statement in the Preamble to the Federal Register is not entitled to

deference, and as such has no impact on the lawfulness of Frito-Lay's compensation system.

> **E.      Failure To Comply With Section 778.114 Does Not Mean An Employer Is Precluded From Calculating Overtime Based On VROT**

Even if this Court were to conclude DOL's position in the Preamble is correct, and also

conclude payment of other compensation in addition to salary is somehow inconsistent with the

examples articulated in §§ 778.114, 778.118 and 778.111, failure to comply with § 778.114 does

not mean Frito-Lay's VROT system violates the FLSA or precludes the use of VROT.  DOL

acknowledges § 778.114 is just one method of calculating the regular rate: the "following

sections [including § 778.114] give ***some examples*** of the proper method of determining the

regular rate of pay in particular instances."  29 C.F.R. § 778.109 (emphasis added).  Therefore,

failure to comply with § 778.114 does not mean an employer fails to comply with the FLSA.[15]

---

[14] In concluding that "the Department of Labor's reasoning is unconvincing," the court in *Smith* explained that "the decisions cited by the Department of Labor – in support of its position that *Missel*'s method of calculating damages is irreconcilable with the payment of any bonuses – do not support the Department's sweeping conclusion.  These cases involved shifting compensation based on the times or dates of the hours worked." *Smith*, 2011 U.S. Dist. LEXIS at *7 & n. 2.  Frito-Lay anticipates that Plaintiffs will claim their Amended Complaint alleges this type of compensation based on the times or dates of the hours worked.  However, Plaintiffs have not and cannot allege any such payments.  Frito-Lay's "holiday pay" is paid to all RSRs regardless of whether they work the holiday, and as such is not tied to which days are worked in the same way as the "holiday pay" mentioned in the cases cited in the Preamble to the Federal Register.  Carton pay is more in the nature of a commission or piece rate work, and is likewise not tied to hours worked.  While the details of Frito-Lay's compensation system are beyond the scope of this Motion, two things are clear from the facts as alleged by Plaintiffs:  (1)  Plaintiffs have not alleged that Frito-Lay pays any forms of compensation that are tied to which days or hours are worked, and calling holiday pay and carton pay "bonuses" in order to track the language of the Preamble does not change this; and (2) even if Plaintiffs had so alleged, that would go only towards an argument that Frito-Lay's VROT system did not comply with the example in § 778.114 (with which it need not comply) – not that VROT does not comply with the FLSA.

[15] Further, even were employers required to comply with these examples, Frito-Lay complies with 29 C.F.R. § 778.118, as was confirmed by the *Lance* court.  The fact that Plaintiffs' interpretation of § 778.114 is inconsistent with § 778.118 is further evidence that these are in fact examples and not mandates.

Moreover, courts have recognized, as the Seventh Circuit recently noted, that "finding that section 778.114(a) itself is inapplicable does not compel the conclusion that reliance on the FWW method of calculating [plaintiff's] regular rate of pay was erroneous." *Urnikis-Negro*, 616 F.3d at 679.  In *Urnikis-Negro*, the court noted that § 778.114 was a "dubious source of authority for calculating a misclassified employee's damages," first, because the section "plainly envisions the employee's contemporaneous receipt of a premium apart from his fixed wage," and second, because the misclassified plaintiff never understood that she would receive overtime premiums for hours worked in excess of 40 in a workweek.  *Id*. at 678-79.  The court nevertheless concluded the FWW method of calculating overtime was valid because plaintiff's salary was intended to compensate her "not for 40 hours per week or some other fixed number of hours, but for any and all hours that she worked."  *Id.* at 677.  Consequently, the court held that "*Missel* dictates how the regular rate of pay must be calculated here."  *Id.* at 681; *see also, Desmond v. PNGI Charles Town Gaming, LLC,* 630 F.3d 351, 357 (4th Cir. 2011) (holding that *Missel*, not § 778.114, provides the appropriate method for calculating overtime damages on a salary); *Smith*, 2011 U.S. Dist. LEXIS at *6 ("*Missel*, not section 778.114, is the source of authority for calculating damages based on the fluctuating work week method."); *Aon Corp. Wage & Hour Employmt. Practices Litig.,* 2011 U.S. Dist. LEXIS 7288, *9-10 (N.D. Ill. Jan. 26, 2011) (following *Urnikis-Negro* and holding § 778.114 is an "interpretive rule" that "does not supply the appropriate standard for determining whether [VROT] should be employed" when an employee is paid a weekly salary); *Ahle v. Veracity Research Co.,* 738 F. Supp. 2d 896, (D. Minn. 2010) (following *Missel* and *Urnikis-Negro*, not § 778.114, in applying VROT to calculate overtime on a salary); *Torres v. Bacardi Global Brands Promotions, Inc.*, 482 F. Supp. 2d 1379, 1381-82 (S.D. Fla. 2007) (following *Missel*, rather than § 778.114, in holding that because the

-18-

employee received a fixed salary regardless of how many hours he worked, "half-time is the appropriate method for calculating his overtime pay"); *Rushing v. Shelby County*, 8 F. Supp. 2d 737, 745 (W.D. Tenn. 1997) (following *Missel* even though FWW elements not met).[16]

The decision in *Urnikis-Negro* is significant because it illustrates that failure to follow DOL's guidance for the FWW method as set forth in § 778.114 does not mean an employer has violated the FLSA. *Urnikis-Negro*, 616 F.3d at 679 ("Setting the Department of Labor's rule aside, a court still must ascertain the employee's regular rate of pay and calculate an appropriate overtime premium based on that rate."); *see also Youngerman-Reynolds*, 325 U.S. at 424. Thus, even if this Court were to conclude that VROT does not comply with § 778.114, such conclusion does not mean VROT violates the FLSA.

## III.   CONCLUSION

Plaintiffs allege only one cause of action in their Complaint – that Frito-Lay violates the FLSA because a VROT system cannot be used where employees receive compensation in the form of commissions and bonuses in addition to a base salary. This theory fails to state a claim upon which relief can be granted.

29 U.S.C. § 207(a) requires only that an employer pay overtime at time-and-one-half an employee's regular rate. It does not address the means by which this overtime must be

---

[16] In addition, several cases calculate overtime pursuant to *Missel* and §7 of the FLSA without looking to § 778.114 at all. *See Chavez*, 630 F.3d at 1312 (validating the city's use of a ½ overtime multiplier and calculation of a regular rate via a divisor of all hours worked per *Missel*); *Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319, 1324 (1st Cir. 1992) (following "*Missel* formula" to calculate back unpaid overtime); *Fakouri v. Pizza Hut of America, Inc.*, 824 F.2d 470, 474 (6th Cir. 1987) (using *Missel* to interpret Michigan's Minimum Wage Law, which tracked the FLSA); *Harris v. Seyfarth Shaw, LLP*, 2010 U.S. Dist. LEXIS 93911, *7-8 (N.D. Ill. Sept. 9, 2010) (adopting the rationale in *Urnikis-Negro* that *Missel* provides the rule regarding calculating overtime on a salary); *Pressler v. FTS USA, LLC*, 2010 U.S. Dist. LEXIS 131047, *10 (E.D. Ark. Dec. 9, 2010) (following *Urnikis-Negro*'s interpretation of *Missel* to be the proper method for calculating overtime on a salary); *Zoltek*, 884 F. Supp. at 287 (the calculation of the employee's regular rate of pay is governed by *Missel*). Further, in two opinion letters, Wage & Hour Opinion Letter, 1996 WL 1005216 (July 15, 1996) and Wage & Hour Opinion Letter, 2009 WL 648995 (Jan. 14, 2009) (attached at Tab E), DOL likewise approved the use of the FWW method for calculating overtime in misclassification cases, despite § 778.114's arguable inapplicability.

calculated.  However, the Supreme Court has addressed this issue, and in *Missel* explicitly allowed the use of compensation systems like VROT, without any limitation that a base salary be the only form of compensation paid to employees under this system.  Moreover, the Supreme Court in *Youngerman-Reynolds* and *Helmerich & Payne* has held employers and employees can establish the regular rate as they see fit, so long as the compensation system is not an artifice to avoid the minimum wage and overtime requirements of the FLSA.  VROT is no such artifice, and Plaintiffs' Complaint does not and cannot make any such allegation.

Although styled as a violation of the FLSA, Plaintiffs' Complaint really alleges a violation of § 778.114.  However, § 778.114 is not a regulation and is not entitled to deference.  And, by its own terms, § 778.114 is merely an example, not the only way to satisfy the FLSA.  As such, Frito-Lay need not comply with that section, and an alleged failure to do so is not a cognizable claim.  A review of the relevant case authority; §§ 778.111, 778.117 and 778.118; and a plain-meaning, common-sense analysis, yield the same result.  It is indisputable that VROT can be paid on a salary, on commissions, and on carton pay, when each is paid separately, and that overtime need not be paid on holiday pay at all.  It is therefore nonsensical and there is no authority for the proposition that VROT cannot be used when a salary, commissions, carton pay, and holiday pay are combined.

Finally, any argument that the meaning of § 778.114 was changed by DOL's statement in the Preamble to the April 5, 2011 Federal Register fails; obvious agency flip-flopping based on a change in administration is entitled to little, if any deference.  This is especially true here, where the statement is an interpretation of an interpretation – not of a regulation.

For the above reasons, Frito-Lay respectfully requests this Court dismiss Plaintiffs' Complaint with prejudice without leave to amend.

-20-

Dated:  April 16, 2012                     Respectfully submitted,

                                          */s/Nancy M. Barnes*
                                          Nancy Barnes, Esq. (0074744)
                                          Thompson Hine, LLP
                                          3900 Key Center
                                          127 Public Square
                                          Cleveland, OH 44114
                                          (216) 566-5500
                                          (216) 566-5800 (Fax)
                                          nancy.barnes@thompsonhine.com

                                          */s/Samantha D. Hardy*
                                          Guy N. Halgren
                                          Samantha D. Hardy
                                          Rachel A. Miller
                                          Ashley T. Hirano
                                          All attorneys admitted *pro hac vice*
                                          Sheppard Mullin Richter & Hampton LLP
                                          501 West Broadway, 19th Floor
                                          San Diego, CA 92101
                                          (619) 338-6500
                                          (619) 234-3815 (Fax)
                                          ghalgren@sheppardmullin.com
                                          shardy@sheppardmullin.com
                                          rmiller@sheppardmullin.com
                                          ahirano@sheppardmullin.com


                                          */s/Howard M. Radzely*
                                          Howard M. Radzely (admitted *pro hac vice*)
                                          Morgan, Lewis & Bockius LLP
                                          1111 Pennsylvania Avenue, NW
                                          Washington, DC 20004
                                          (202) 739-5996
                                          (202) 739-3001 (fax)
                                          hradzely@morganlewis.com

                                          *Attorneys for Defendant*
                                          *Frito-Lay North America, Inc.*

-21-

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was filed electronically this 16th day of April, 2012 with the Clerk of Court using the CM/ECF system.  Service will be made through the Court's CM/ECF system on all parties and attorneys so registered, and all parties may access this filing through the Court's system.

*/s/ Nancy M. Barnes*
Attorneys for Defendant
Frito-Lay North America, Inc.
