PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALE A. KORNBAU, *et al.*, | ) | |
| | ) | CASE NO. 4:11CV02630 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FRITO LAY NORTH AMERICA, INC., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 57] |

This action is before the Court upon Defendant Frito Lay North America's ("Frito Lay")

Motion to Dismiss (ECF No. 57) pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the

reasons provided below, the Court grants Frito Lay's Motion to Dismiss.

## I.  Background

Dale Kornbau and thirty-six other similarly situated plaintiffs ("Plaintiffs") are employed

by Frito Lay as Route Sales Representatives ("RSRs").  ECF No. 52 at 12.  In their capacity as

RSRs, Plaintiffs are responsible for delivering Frito Lay's products from central warehouses to

retail stores, stocking its products at the retail stores, and returning its product cartons to the

warehouses for reuse.  ECF No. 61 at 10.  Pursuant to a collective bargaining agreement

("CBA"), Frito Lay pays RSRs a guaranteed weekly salary plus commissions based upon the

amount of products that the RSRs deliver during a workweek and "per carton" that the RSRs

returns to the warehouse.  ECF Nos. 52 at 13; 61 at 10-11, 61-4 at 5.  RSRs routinely work more

than forty hours a week.  ECF No. 52 at 13.

At issue in this case is the way in which overtime pay is calculated.  Pursuant to the

CBA and in compliance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,

(4:11cv2630)

RSRs receive overtime payment for any hours worked in a workweek above forty hours.  ECF
No. 61 at 11.  Frito Lay uses a Variable Rate Overtime ("VROT") method of overtime payment,
based upon both salary and commission.  ECF No. 61 at 10-11.  The VROT is modeled after the
fluctuating workweek method ("FWW") of calculating overtime payments set forth in 29 C.F.R.
§ 778.114.[1]  ECF No. 52 at 13.

    In their Amended Complaint, Plaintiffs allege use of the FWW calculation for
determining overtime pay for RSRs is unlawful because Frito Lay does not meet the
requirements enumerated in 29 C.F.R. § 778.114 for using the FWW method.  ECF No. 52 at 13.
Plaintiffs further allege the FWW method is not endorsed by any other code section applicable to
the RSR wage scheme; therefore, Frito Lay's overtime payment system does not yield time and a
half as required by the FLSA.  ECF Nos. 52 at 13; 61 at 8, 21.  Specifically, Plaintiffs argue the
wage scheme should be bifurcated:  the FWW method should be applied to the commission
portion of the wages, as per 29 C.F.R. § 788.118[2], but the overtime paid relevant to the base
salary portion of the wages should be calculated using the standard time and one-half
calculation.  ECF No. 61 at 13.

    Frito Lay moved for dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6), arguing the
Plaintiffs fail to state a claim upon which relief can be granted.  ECF No. 57.  Specifically, Frito
Lay argues:  (1) their VROT system of overtime payment is allowable pursuant to § 778.118[3];

---

    [1] 29 C.F.R. § 778.107 *et seq*. sets out overtime pay requirements and specific examples
and calculations consistent with the FLSA.

    [2] 29 C.F.R. § 778.118 details overtime pay for commissions.

    [3] Frito Lay does not argue it meets the requirements listed in § 778.114.

2

(4:11cv2630)

(2) the applicable sections of the federal regulations when read collectively indicate the VROT is

proper; and (3) even if the regulations do not authorize the VROT, the payment system complies

with the FLSA and Supreme Court decisions.  ECF No. 57-1 at 21-24.[4]  This matter is ripe for

consideration.

## II. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must take all

well-pleaded allegations in the complaint as true and construe those allegations in a light most

favorable to the plaintiff.[5]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal

conclusions can provide the framework of a complaint, they must be supported by factual

allegations.  When there are well-pleaded factual allegations, a court should assume their

---

[4]  Frito Lay argues the FLSA and Supreme Court interpretations provide the controlling law in determining FLSA violations, and Department of Labor guidelines are interpretive and not binding.  ECF No. 57-1 at 21.  Plaintiffs agree the guidelines are interpretive only.  ECF No. 61 at 27.  Plaintiffs have not or could not adequately and squarely address Frito Lay's assertion that the VROT method need only comply with the FLSA and Supreme Court precedent.  The Court does not decide the matter, because it finds Frito Lay is in compliance with federal regulations as well as the FLSA and Supreme Court precedent.

[5]  When a complaint is challenged under Fed. R. Civ. Pro. 12(b)(6), its allegations should be construed favorably to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), and its factual allegations, "construed so as to do justice," must be accepted as true.  Fed. R. Civ. Pro. 8(e).  *See United States v. Gaubert*, 499 U.S. 315, 327 (1991).  The sufficiency of a complaint, however, is a question of law, *Dugan v. Brooks*, 818 F.2d 513, 516 (6th Cir. 1987), and the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

(4:11cv2630)

veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."[6] *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Twombly*, 550 U.S. at 570.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. Pro. 8(a)(2)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  "If a court does consider materials that are outside the pleadings," however, "the motion to dismiss must be treated as a motion for summary judgment under Rule 56."  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).

### III.  Analysis

Plaintiffs allege the overtime payments are improperly calculated and inadequate, thereby violating the FLSA.  Frito Lay argues Plaintiffs fail to state a claim because the VROT is in compliance with FLSA, Supreme Court precedent, and the Code of Federal Regulations.  The

---

[6] "Although this is a liberal pleading standard, it requires more than the bare assertion of legal conclusions.  Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (quoting *S.E. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006)).

(4:11cv2630)

Court will discuss the aforementioned then consider each of Defendants arguments in turn.

### A.  FLSA and the Supreme Court

The FLSA was enacted in 1938, and provides that "[N]o employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  The statute states that the regular rate "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

In *Overnight Motor Transp. Co. v. Missel*, the Supreme Court provided the manner in which the regular rate is calculated:  "Wage divided by hours equals regular rate.  Time and a half regular rate for hours employed beyond statutory maximum equals compensation for overtime hours." 316 U.S. 572, 580 n.16 (1942).  *See also Walling v. Youngerman-Reynolds Harwood Co.*, 325 U.S. 419, 424 (1945) ("As we have previously noted, the regular rate refers to the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed . . . such rate being the quotient of the amount received during the week divided by the number of hours worked.") (internal citations omitted).  The calculation of the regular rate is based upon actual work performed by the employee and "must reflect all payments which the parties have agreed shall be received regularly during the workweek." *Youngerman-Reynolds*, 325 U.S. at 424.

Thus, the Supreme Court's interpretation of the maximum hours provision of § 207(a) requires employers to do three things:  (1) pay employees the required minimum wage for all

5

(4:11cv2630)

hours worked, *see* 29 U.S.C. § 206(a); (2) pay employees overtime premiums calculated at one and one-half times the employee's regular rate when the employee works more than 40 hours in a workweek, *see* 29 U.S.C. § 207(a); and (3) not implement a compensations system that is an artifice designed to avoid paying minimum wage and overtime as described above.  *See, e.g.* *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945).

### B.  The Code of Federal Regulations

The Department of Labor has interpreted the FLSA in a manner that is consistent with *Missel* and *Youngerman-Reynolds*.  Specifically, the interpretive regulations recognize that employees must receive compensation for overtime at a rate not less than one and one-half times the regular rate.  29 C.F.R. § 778.107.  The regulations stress that the regular rate is an hourly rate that is actually paid to the employee for all non-overtime work performed during a workweek 29 C.F.R. § 778.108.  Additionally, the regulations make it clear that the FLSA allows employers to pay non-overtime compensation in a variety of ways, and provides examples for overtime calculations depending upon different non-overtime wage schemes.  "The Act does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom."[7]  *Id.*

---

[7]  For example:  29 C.F.R. § 778.110 (compensation based solely on the basis of a single hourly rate); 29 C.F.R. § 778.111 (compensation on piece-rate basis); 29 C.F.R. § 778.112 (compensation based on completion of a job or "day rate"); 29 C.F.R. § 778.113 (compensation for salaried employees); 29 C.F.R. § 778.114 (fixed salary compensation for a fluctuating workweek); 29 C.F.R. § 778.115 (compensation based on two different rates for non-overtime

(4:11cv2630)

### C. Overtime Payment Calculations

As noted, the Code of Federal Regulations provides specific calculations for computing overtime based upon the regular rate.  There are two basic methods for calculating the regular rate:  the "half-time" method and the "time and one-half" method.

#### 1. FWW, or "Half-Time" Method

The  fluctuating workweek method ("FWW"), or "half-time" method, is set forth in 29 C.F.R. § 778.114.[8]  Frito Lay's VROT method of overtime payment is modeled after this calculation.  ECF No. 52 at 13.  Using this method, the total wages earned in the week (salary and commissions) are divided by the actual hours worked to determine the hourly rate, or "regular rate."  ECF No. 61-4 at 5.  Half this regular rate is then multiplied by the number of overtime hours worked, such that the employee is receiving time and a half for the overtime hours.  ECF No. 61-4 at 5.  For example, an employee who earned $400 for the week while working 50 hours will have a regular rate of $8.00 per hour (400 divided by 50).  Then, $4.00 (half the regular rate), will be multiplied by 10 (the number of overtime hours worked) to get $40.00.  Thus, the employee will receive $440 for the workweek – $400 in regular wages and $40 in overtime payments.[9]

---

work); 29 C.F.R. §§ 778.117-.118 (compensation based in whole or in part upon commission).

[8]  29 C.F.R. § 778.114(a) reads: "An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many."

[9]  Note the employee is still technically receiving time and a half for the overtime hours. The "time" was paid with the regular salary (400 for 50 hours); the only additional payments required are the "half" due for the extra 10 hours.

(4:11cv2630)

## 2. The Standard, or "Time and One-Half" Method

Another method for calculating overtime is the standard workweek method, also called the "time and one-half" method.[10]  ECF No. 61 at 13.  In this method, the total wages earned in the week are divided by 40, a standard workweek, to determine the regular rate.  Then, one and one-half of the regular rate is multiplied by the number of overtime hours worked, so the employee receives time and a half for overtime hours.  ECF No. 61 at 23-4.  For example, an employee who earned $400 for the week while working 50 hours will have a regular rate of $10 per hour (400 divided by 40).  Then, $10 (regular rate) is multiplied by 1.5, yielding $15 (the overtime rate), which is then multiplied by the number of overtime hours worked (10) to get $150.  Thus, the employee will receive $550 for the workweek – $400 in regular wages and $150 in overtime payments.  The notable difference between these two methods is the way in which the regular rate is calculated — the larger the denominator (hours worked) the smaller the overtime payments will be.

## D.  Frito Lay's wage scheme is in compliance with the plain language of  § 778.118

As noted, Frito Lay does not purport to meet the requirements of 29 C.F. R. § 778.114; rather, it argues the VROT calculation, agreed upon by the parties in its CBA, is endorsed by 29 C.F. R. § 778.118.  This section advances the calculation for overtime payments based upon commissions, and reads, "[w]hen the commission is paid on a weekly basis, it is added to the employee's other earnings for that workweek...and the total is divided by the total number of hours worked in the workweek to obtain the employee's regular hourly rate for the particular

---

[10]  This method is stated in 29 C.F.R. § 778.113(a).

8

(4:11cv2630)

workweek." 29 C.F. R. § 778.118.  Because Frito Lay pays commission in addition to a base

salary, it believes § 778.118 authorizes use of the half-time method in calculating overtime for

all RSR wages.

        In support, Frito Lay cites *Kaiser v. At The Beach, Inc*., 2011 WL 6826577 (N.D. Okla.

Dec. 28, 2011). ECF No. 57-1 at 23.  In *Kaiser*, employees were not paid overtime for hours

worked above 40.  *Id*. at *6.  The employees received a fixed salary and commissions, and the

court engaged in a lengthy examination of the applicable regulations to determine the amount of

damages due the employees.  *Id*. at *21-30.  After applying the facts to the regulations, engaging

in statutory interpretation, and relying in part on Tenth Circuit precedent and case law from other

circuits, the court decided to apply § 778.118's half-time calculation to the weeks the employees

received commissions,[11] and applied § 778.113's time and one-half calculation to the weeks the

employees received only a salary.[12]  *Id.* at *27-9.

        Plaintiffs argue that, in the event § 778.118 authorizes use of the half-time method, the

proper approach would be to use the half-time method for the commission portion of the weekly

salary, as per § 778.118, and use the time and one-half calculation for the salary portion of the

--------

    [11] The *Kaiser* court, after a lengthy discussion of all the regulations, noted: "[t]he
commission regulations clearly contemplate commissions added to a fixed salary, *see* 29 C.F.R.
§ 778.117, and also clearly require an hours worked divisor in deriving a regular rate, *see id.*,§
778.118." 2011 WL 6826577, at *29.  The Court further stated that, [s]pecifically, the relevant
regulatory examples appear to preclude Plaintiff's proposal to use a 40-hour workweek divisor
for any pay period that includes [] compensation in addition to salary, such as commissions and
bonuses. *Id*.

    [12] § 778.113 states the method of overtime calculations "[i]f the employee is employed
solely on a weekly salary basis," and uses the standard workweek method of 40 hours. 29 C.F.R.
§ 778.113.

9

(4:11cv2630)

weekly wage, thereby bifurcating the payments each week.  ECF No. 61 at 22-3.  Plaintiffs rely

upon *Parks v. Eastwood Ins. Services, Inc.*, 2004 WL 5506690, at \*2 (C.D. Cal. Mar. 11, 2004).

In *Parks*, the court was faced with a similar issue:  determining the proper overtime calculation

for employees paid weekly wages that involved salary and commission.  The court bifurcated the

wages — it applied the half-time method to the commission portion, and the time and one-half to

the salary portion.  *Id.*  Plaintiffs urge the instant Court to do the same.

The instant Court notes that a plain reading of 29 C.F.R. § 778.118 supports Frito Lay's

interpretation.  Frito Lay is adding the commission "to the employee's other earnings for that

workweek," in this case the RSRs' salary, and "the total is divided by the total number of hours

actually worked in the workweek to obtain the employee's regular hourly rate for the particular

workweek."  *See* 29 C.F.R. § 778.118.  The RSRs are then paid "extra compensation at one-half

of that rate for each hour worked in excess of the applicable maximum hours standard."  *See Id.*

This is the half-time method of overtime payment.[13]

To hold otherwise would be to read more complexity into § 778.118 then is indicated by

a plain reading.  The Court notes that the time and one-half method of overtime payment

authorized in § 778.113(a) is endorsed when "the employee is employed *solely* on a weekly

salary basis." (Emphasis added).  It does not follow, therefore, that the Court can rely on §

---

[13]  The Court reiterates this wage scheme is paid pursuant to a collective bargaining
agreement.  A wage scheme in a CBA must comply with the FLSA.  Beyond that, "the parties
are free to set the regular rate through contract, but [] the regular rate may not be calculated 'in a
wholly unrealistic and artificial manner so as to negate the statutory purposes [of the FLSA].'"
*Chavez v. City of Albuquerque*, 630 F.3d 1300,1312 (10th Cir. 2011) (citing *Walling v.
Helmerich & Payne*, 323 U.S. 37, 42 (1944) to find the wage scheme at issue consistent with the
FLSA and Department of Labor interpretations).

(4:11cv2630)

778.113(a) for the salary portion when the employee is not employed solely on a weekly salary basis. To read the applicable sections as Plaintiffs urge would violate the clear language in § 778.113(a) and add extra analysis to what appears to be simple and straightforward language in § 778.118.

The Court "read[s] statutes and regulations with an eye to their straightforward and commonsense meanings." *Henry Ford Health Sys. v. Shalala*, 233 F.3d 907, 910 (6th Cir. 2000); *see also Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002). "When we can discern an unambiguous and plain meaning from the language of a statute, our task is at an end." *Bartlik v. U.S. Dept. of Labor*, 62 F.3d 163, 166 (6TH Cir. 1995). Here, the Court finds an unambiguous regulation pursuant to which Frito Lay is basing its overtime payments. The Court cannot find another commonsense meaning that does not corrupt another provision of the overtime payment regulations. The wage scheme was pursuant to a collective bargaining agreement and does not violate the FLSA or case law interpreting such. Plaintiffs cannot show well-pleaded factual allegations that can plausibly give rise to an entitlement to relief. Frito Lay's Motion to Dismiss is Granted.

## IV. Conclusion

For the reasons above, the Court grants Defendant Frito Lay's Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). ECF No. 57.

IT IS SO ORDERED.

| | |
|---|---|
| __August 30, 2012__ | __/s/ Benita Y. Pearson__ |
| Date | Benita Y. Pearson |
| | United States District Judge |

(4:11cv2630)